FILED
SUPERIOR COURT
OF GUAM

2022 SEP -1 PM 5: 17

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GUAHAN VENTURERS INC. dba TURFCO, <br><br>             Plaintiffs, <br><br>        vs. <br><br> OFFICE OF PUBLIC ACCOUNTABILITY, GENERAL SERVICES AGENCY, <br><br>             Defendants. | CIVIL CASE NO. CV0110-22 <br><br><br> **DECISION AND ORDER** <br> *Defendant Office of Public Accountability's ("OPA") Motion to Dismiss* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on June 6, 2022, for a hearing on the OPA's Motion to Dismiss. Present at the hearing were: Attorney Joshua Walsh for Plaintiff Guahan Ventures Inc. dba Turfco ("Turfco"); Attorney Mitchell Thompson for Defendant OPA; and Assistant Attorney General Sandra Miller for Defendant General Services Agency ("GSA"). Having considered the arguments, briefs, and the applicable law, the Court hereby **DENIES** Defendant OPA's Motion to Dismiss.

## BACKGROUND

The instant case arises from Turfco's Verified Complaint filed on February 24, 2022, seeking judicial review of the OPA's February 10, 2022, decision denying Turfco's appeal. On June 14, 2021, GSA issued a Request for Quote, Requisition No. Q210280170 ("June 14 RFQ"), for golf carts. The June 14 RFQ informed bidders that the "the preferred ETA is 30 days from the date of purchase order award." Turfco prepared its quote for the golf carts and included a delivery day of 30 days out from a firm order. However, Turfco did not submit its bid until the date was due.

Then on June 16, 2021, at 5:43pm—after working hours and a day before the deadline for submission of the quotes—GSA sent an email to the offerors stating "See attached Request for Quote... Please note that this is an 'Emergency Procurement' and Delivery Requirements is 'IMMEDIATE'." The RFQ was also changed to RFQ21002179 ("June 16 RFQ"). Turfco did not see the email regarding the June 16 RFQ.

On June 19, 2021, GSA issued a Purchase Order to Guam Autospot as the winning offeror without equal notice to all offerors. About three days later, on June 22, 2021, Mr. Pangelinan of Turfco requested information as to the award of the June 16 RFQ after not hearing from GSA about its status. The, next day on June 23rd, the government of Guam accepted delivery of the golf carts.

Then on June 24, 2021, in response to Mr. Pangelinan of Turfco's request for information, GSA sent a bid abstract for requisition, which reflected that Turfco was the lowest responsive bidder to the original terms of the RFQ. GSA further informed Turfco that they were not selected because Autospot could meet "immediate delivery." This led Turfco to initiate its protest that same day. Turfco protested GSA's award to Autospot based upon the improper late addition of the "immediate delivery" specification that was not contained in the

original bid requirements. GSA denied Turfco's protest on June 25, 2021, and Turfco's Notice of Appeal to the OPA followed.

About six months later, on December 16, 2021, the OPA held a hearing on the merits of Turfco's appeal. Less than two months later, on February 10, 2022, the OPA denied Turfco's appeal. In the its Verified Complaint, Turfco seeks judicial review as it relates to the following claims asserted therein including the OPA's finding that:

(1) GSA appropriately changed the delivery date for the RFQ;
(2) GSA appropriately used an Emergency Procurement in June 2021 to deal with an emergency first declared in March 2020;
(3) GSA's disparate treatment of offerors was acceptable under the law; and
(4) GSA's record of emergency procurement supported the award GSA made.

*See* V. Compl. (Feb. 24, 2022).

On April 12, 2022, the OPA filed a Motion to Dismiss. Turfco filed its Opposition on May 10, 2022, and the OPA filed its Reply on May 24, 2022. A hearing on the motion was held on June 7, 2022. At the hearing the parties briefly referenced and discussed this Court's May 6, 2022 Decision and Order[1] in a different case wherein it addressed virtually identical issues raised in the instant matter. However, in the instant case the OPA's argument concerns subject matter jurisdiction. The parties made their arguments and the Court took the matter under advisement.

## DISCUSSION

### I. TITLE 5 GCA SECTION 5707(a) GIVES THIS COURT SUBJECT MATTER JURISDICTION OVER APPEALS FROM OPA DECISIONS.

Guam Rule of Civil Procedure Rule 12(b)(1) provides for the dismissal of a civil action where a court lacks jurisdiction over the subject matter. Guam R. Civ. Pro. 12(b)(1). The

---

[1] CV1057-20 Decision & Order (May 6, 2022) addresses the OPA's motion to dismiss for lack of personal jurisdiction and supplemental briefs on sovereign immunity. This Decision and Order was also echoed by the Honorable Dana A. Gutierrez in her CV0594-21 Decision & Order (July 6, 2022).

Superior Court's subject matter jurisdiction is generally set forth in title 7 GCA section 3105, and it states:

> The Superior Court shall have original jurisdiction over all causes of action, and, except for those causes exclusively vested in the Supreme Court, may *have appellate jurisdiction as may be provided by the Legislature*.

7 GCA § 3105 (emphasis added). This Court's appellate jurisdiction over decisions made by the OPA, as provided by the Legislature, is set forth in title 5 GCA section 5707:

> Any person receiving an adverse decision, the government or any autonomous agency or public corporation, or both, may *appeal from a decision by the Public Auditor to the Superior Court of Guam* as provided in Article D of Chapter 9 of this Chapter.

5 GCA § 5707(a)(emphasis added).

Therefore, this Court has subject matter jurisdiction to hear appeals from the OPA's decision through title 5 GCA 5707(a). The Court now turns to title 5, Chapter 9, Article D as it relates to sovereign immunity.

## II. THE GUAM SUPREME COURT HAS INTERPRETED TITLE 5 GCA § 5480 AS THE STATUTE THAT WAIVES THE OPA'S SOVEREIGN IMMUNITY.[2]

The doctrine of sovereign immunity applies to Guam. *Guam Econ. Dev. Auth. and Guam Visitors Bureau v. Island Equip. Co.*, 1998 Guam 7 ¶ 6. In order to sue the Government of Guam or any government agency, sovereign immunity must be waived by statute. *Wood v. Guam Power Auth.*, 2000 Guam 18 ¶¶ 2-3. The waiver must be express. *Town House Dep't Stores, Inc., v. Dep't of Educ.*, 2012 Guam 25 ¶ 31; *see Pacific Rock Corp, v. Dep't of Educ.*, 2001 Guam 21 ¶ 20.

Title 5 GCA § 5480(a) Waiver of Sovereign Immunity in Connection with Contracts states:

---

[2] The Court notes that its analysis in Section II herein is largely unchanged from its analysis in the CV1057-20 Decision & Order, specifically Section IV therein. *See* CV1057-20 Decision & Order pp. 6-8 (May 6, 2022).

The Superior Court of Guam shall have jurisdiction over an action between the Territory and a bidder, offeror, or contractor, either actual or prospective, to determine whether a solicitation or award of a contract is in accordance with the statutes, regulations, and the terms and conditions. The Superior Court shall have such jurisdiction in actions at law or in equity, and whether the actions are for monetary damages or for declaratory, or other equitable relief.

5 GCA § 5480(a). In *Data Management Resources, LLC. ("DMR"), v. Office of Public Accountability*, the Guam Supreme Court recognized that "5 G.C.A. § 5480 is the statute waiving the Government of Guam's sovereign immunity." 2013 Guam 27 ¶ 20. Invoking the waiver of sovereign immunity requires a lawsuit naming either the Territory of Guam or the relevant agency or government entity from which [the aggrieved party] seeks relief. *Town House*, 2012 Guam 25 ¶ 33. The term "action" in 5 GCA 5480(a) means a "civil action." *Id.* ¶ 28. Where "a plain, speedy, and adequate remedy by bringing a civil action under the terms of 5 GCA 5480 (a) … exists, a writ is not an appropriate substitute." *Id.* ¶ 29.

The analysis begs the question of whether the OPA is considered the "Territory." In *DMR*, the Supreme Court recognized that "DMR named the appropriate agency, *OPA*, given that DMR sought the trial court's review of the OPA's administrative decision, and that the OPA is a qualifying agency of the Territory of Guam that can waive sovereign immunity." *DMR*, 2013 Guam 27 ¶ 27 (emphasis added). The Supreme Court further noted that "there is an instrumentality of the government of Guam, independent of the executive, legislative, and judicial branches, known as the [OPA]." *Id.* ¶ 27.

Consistent with the holdings of the Supreme Court, this Court recognizes that 5 GCA § 5480 has been interpreted to be the statute that waives the OPA's sovereign immunity. As such, the proper mechanism to invoke a waiver of the OPA's sovereign immunity, thereby giving this Court subject matter jurisdiction over an appeal of an OPA decision, is by initiating a civil action and naming the OPA as a defendant. That is the case here. By initiating the instant civil

action seeking judicial review of the OPA's decision, and by naming the OPA as a defendant, Turfco has effectively invoked a waiver of the OPA's sovereign immunity under the procurement law.

After a thorough review of Guam's procurement law and the binding authority of the Guam Supreme Court, the Court finds the use of a "civil action" is a misnomer in the context of procurement law that exceeds its natural and typical function. Here, the OPA's status as "party" is quite limited in its rights and obligations related to the procurement litigation. Such rights and obligations have been defined and refined in the long line of cases involving procurement appeals from decisions of the OPA. A "civil action" as opposed to a Petition for Judicial Review is the method in which (1) it is the only means available for a party to appeal the OPA's decision in the Superior Court; (2) despite its misleading name of "civil action" it functions as a petition for judicial review; and (3) it is the only formula established to invoke the OPA's sovereign immunity. *See Teleguam Holdings v. Dep't of Admin. General Services Agency; Office of Public Accountability, and Pacific Data Systems*, 2018 Guam 5 ¶¶ 23-24 ("A party seeking to *challenge the Public Auditor's procurement decision* must timely file a *civil action* in Superior Court naming the proper defendants.")(emphasis added), *see* also *Id.* ¶ 27 ("Procurement appeals are governed by law and rules of procedure of the Superior Court of Guam, which include the Guam Rules of the Civil Procedure. Special rules for procurement cases would complicate procedures, instead of simplifying them.)

The Court finds that: (1) Title 5 GCA Section 5707(a) generally gives this Court subject matter jurisdiction over appeals the OPA's decisions; (2) Title 5 GCA § 5480(a) is the statute that has been interpreted to waive the OPA's sovereign immunity; (3) a waiver of the OPA's sovereign immunity was invoked when Turfco initiated the instant civil action seeking judicial review, and named the OPA as a defendant.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant OPA's Motion to Dismiss.

**IT IS SO ORDERED**     SEP 0 1 2022   .



**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_PAZZANI, Thompson_

_AG_

Date: _____ Time: 9/1/22

_Joseph Bamba, Jr._
Deputy Clerk, Superior Court of Guam